# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  v.                                  **Case No. 09-CR-189**

**NICHOLE LANCOR**
    **Defendant.**

## SENTENCING MEMORANDUM

The police recovered a .45 caliber pistol in a shooting and traced it back to the purchaser, John Lancor. Mr. Lancor admitted that he traded the .45 (and several other guns) for crack cocaine, some of which he shared with his then-wife, defendant Nichole Lancor. Defendant admitted that she traded a .22 for crack cocaine, which she shared with Mr. Lancor.

The government charged defendant with possessing a firearm as an unlawful user of controlled substances, contrary to 18 U.S.C. § 922(g)(3), she pleaded guilty pursuant to an agreement with the government, and I set the case for sentencing. In sentencing defendant, I first calculated her advisory sentencing guideline range, then determined the actual sentence under all of the factors set forth in 18 U.S.C. § 3553(a). See Gall v. United States, 552 U.S. 38, 49-50 (2007); United States v. Bush, 523 F.3d 727, 729 (7th Cir. 2008).

### I. GUIDELINES

Defendant's pre-sentence report ("PSR") set a base offense level of 14 under U.S.S.G. § 2K2.1(a)(6), as defendant was a "prohibited person" at the time she committed the offense, added a 4-level enhancement under § 2K2.1(b)(6) based on defendant's transfer of the firearm for cocaine, then subtracted 3 levels for acceptance of responsibility under § 3E1.1, for a final

level of 15. Coupled with defendant's criminal history category of I, level 15 produced an imprisonment range of 18-24 months. I adopted the report's calculations without objection.

## II.  SECTION 3553(a)

### A.  Sentencing Factors

Section 3553(a) requires the sentencing court to consider seven factors:

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)  the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)  the kinds of sentences available;

(4)  the advisory guideline range;

(5)  any pertinent policy statements issued by the Sentencing Commission;

(6)  the need to avoid unwarranted sentence disparities; and

(7)  the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). The statute directs the court to then impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing set forth in sub-section (a)(2) – just punishment, deterrence, protection of the public and rehabilitation of the defendant. The court should give respectful consideration to the guidelines in making this determination, see Gall, 552 U.S. at 46, but it may not presume that the guideline sentence is
2

the correct one, Rita v. United States, 551 U.S. 338, 351 (2007), or place any "thumb on the scale" favoring a guideline term, United States v. Sachsenmaier, 491 F.3d 680, 685 (7th Cir. 2007). Rather, the court must make an individualized assessment based on all of the § 3553(a) factors, keeping in mind that the parsimony provision quoted above represents the "overarching" command of the statute. See Kimbrough v. United States, 552 U.S. 85, 101 (2007).

**B. Analysis**

    **1. The Offense**

As noted above, this case began when police recovered a .45 caliber pistol, which they traced to John Lancor, defendant's (now) ex-husband. Subsequent investigation revealed that Mr. Lancor traded a number of firearms for crack cocaine. Agents also learned that defendant traded a .22 caliber revolver for two grams of cocaine. Mr. Lancor had previously purchased that gun for defendant, he was present for the sale, and the two shared the crack cocaine she received for it. When interviewed by agents, defendant admitted that she had been smoking crack for the past two years and admitted trading the .22 for drugs. She told the PSR writer that she was a drug addict and got the idea of trading a gun for crack from her ex-husband.

    **2. The Defendant**

At age twenty-seven, defendant had no prior criminal record; her only previous contact with the system was a 2009 municipal disorderly conduct case arising out of an argument she had with Mr. Lancor about their pending divorce. The problem for her, as it was for Mr. Lancor, was substance abuse. She starting drinking and smoking marijuana in high school, then after being expelled from school moved in with Mr. Lancor, and they used cocaine together,

3

progressing to the point where they were spending $400 per week on drugs.

Things seemed to be going better lately. Defendant reported that she stopped smoking crack after being charged in this case. She obtained a full-time job shortly before sentencing, supplementing the part-time job she also had, and her mother reported noticing a change in her. All screens on pre-trial release were negative, although I noted with some concern that she missed four tests. She denied the need for counseling, but I believed that further testing and treatment was in order. The PSR contained an indication that she had been fired from a job in September 2009 for reporting to work under the influence of alcohol.

Defendant divorced Mr. Lancor in the fall of 2009, which was probably in both of their best interests. The marriage produced a son, age eight, who lived with Mr. Lancor. Defendant saw the boy on weekends.

### 3. The Sentence

The guidelines called for a prison term of 18-24 months, and the government recommended a year and a day pursuant to the plea agreement. As I indicated in sentencing Mr. Lancor, this was a very serious case, and prison is typically appropriate when a firearm is transferred in this fashion. See United States v. John Lancor, No. 09-CR-189, 2010 WL 1609189, at *3 (E.D. Wis. Apr. 20, 2010). However, for several reasons I found that a sentence served in the community would suffice for this particular defendant.

First, the seriousness of the offense was mitigated somewhat because defendant acted at the instigation of her husband and in order to feed her crack addiction. I did not see her doing something like this on her own or while sober. I also noted the absence of any similar conduct on her record. She was held responsible for just one gun in this case, and there was no evidence that this particular firearm was used in any way.

4

Second, this process appeared to have had a significant impact on her. When confronted by the police, she admitted her crime and gave a full accounting of what took place. She stopped using cocaine, solidified her work situation, and seemed to be back on the right track. She pleaded guilty and accepted responsibility for her actions. She also divorced Mr. Lancor, which, as indicated, was probably best for both of them.

Third, given her lack of record, and her demonstrated ability to find and maintain work, and remain drug-free, I did not see her as posing a threat to the public, such that imprisonment was needed to protect the community. Close supervision, with testing and treatment, could accomplish that purpose, as well as deter her from re-offending. Her treatment needs were best met in the community.

Finally, I previously imposed a probationary sentence on Mr. Lancor. 2010 WL 1609189, at *3-4. Although § 3553(a)(6), which directs the court to consider the need to avoid unwarranted disparity, is primarily concerned with nation-wide rather than co-defendant disparity, this was a factor I could consider under § 3553(a) generally. See United States v. Bartlett, 567 F.3d 901, 908-09 (7th Cir. 2009). It seemed inappropriate to impose a greater sentence on Ms. Lancor, clearly the less culpable of the two.

Under all the circumstances, I found a sentence 4 years probation, with a condition of 6 months home confinement, sufficient but not greater than necessary to satisfy the purposes of sentencing. The period of home confinement provided a necessary measure of punishment and structure. This sentence varied modestly from the guideline range and was based on the particular facts of the case; it thus created no unwarranted disparity.[1]

---

[1]Although defendant did not object to the PSR's guideline calculations, at sentencing she argued that the applicability of U.S.S.G. § 2K2.1(b)(6) to her conduct was debatable.

5

### III.  CONCLUSION

Therefore, I placed on defendant on probation for a period of 4 years.  As conditions, I required her to participate in drug testing and treatment; perform community service work in lieu of a fine; and comply with the conditions of home confinement for a period not to exceed 180 consecutive days.  Other terms and conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 29th day of April, 2010.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

Because this sentence was based on § 3553(a), it would have been the same even if I had not applied that enhancement.  See United States v. Sanner, 565 F.3d 400, 406 (7th Cir. 2009).

6

Case 2:09-cr-00189-LA    Filed 04/30/10    Page 6 of 6    Document 57